AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District **Massachusetts** |
|---|---|

| Name **Ernest N. Benjamin** | Prisoner No. **W61272** | Case No. |
|---|---|---|

Place of Confinement

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| **Ernest N. Benjamin** | V. **Luis Spencer** |

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack **Brockton Superior Court (Plymouth County)**

2. Date of judgment of conviction **October 1996**

3. Length of sentence **1st Degree (Murder)**

4. Nature of offense involved (all counts) **Extreme Atrocity & Cruelty**

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☑   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑   No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:
   (a) Name of court __Supreme Judicial Court of Massachusetts__
   (b) Result __affirmed__
   (c) Date of result and citation, if known __January 28, 2000   430 Mass 673 (2000)__
   (d) Grounds raised __Evidence of the victims violent reputation was improperly excluded where such evidence was relevant to the key issue of defendants mental impairment (See Att A)__
   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:
       (1) Name of court _____
       (2) Result _____
       (3) Date of result and citation, if known _____
       (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:
       (1) Name of court __No__
       (2) Result _____
       (3) Date of result and citation, if known __None__
       (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court __Plymouth Superior Court (Plymouth County)__
        (2) Nature of proceeding __Motion for new trial (30b) Motion 25 b 2__
        (3) Grounds raised __Ineffective assistance of counsel, Denial of effective assistance of appellate counsel, Trial counsels failure to properly investigate and properly present insanity (See Att B)__

(3)

AO 241 (Rev. 5/85)

_____( See Attachment B )_____

_____

_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☑

    (5) Result _____None_____

    (6) Date of result _____

 (b) As to any second petition, application or motion give the same information:

    (1) Name of court ___None_____

    (2) Nature of proceeding _____
_____

    (3) Grounds raised _____
_____
_____
_____
_____
_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☑

    (5) Result _____

    (6) Date of result _____

 (c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☑    No ☑
    (2) Second petition, etc.    Yes ☑    No ☐

 (d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
The court told me that I did not meet the time limit on petition. The reason was that I am a layman who doesnt have knowledge in the law. The Second petition, Gatekeeper filed 3/11/04, denied May 6, 2004

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Evidence of the victims violent reputation was improperly excluded where such evidence was relevant to the key issue of defendants mental impairment (See Att

Supporting FACTS (state *briefly* without citing cases or law) Victim had a reputation that was violent supported by his record which one of the charges on record had threats. Also there is evidence of a mental impairment (P.T.S.D) of the defendant.

B. Ground two: Ineffective assistance of counsel, Denial of effective assistance of appellate counsel. Trial counsels failure to properly investigate, and properly present insanity defense

Supporting FACTS (state *briefly* without citing cases or law) Trial counsel failed to investigate defendants mental history from juvenile, to an adult. He also didn't call witnesses, doctors, clinicians and family members who worked with and knew the defendant to support defendants mental defect. Appellate counsel did not pursue ineffective assistance claim for defendant. (See Att B)

(5)

AO 241 (Rev. 5/85)

C. Ground three: __Jury Selection__

Supporting FACTS (state *briefly* without citing cases or law) The jury selection violated statutory and constitutional requirements of fairness, where the clerk did not make random selection of the jurors from the pool, there was only one African-American in the jury pool, and the judge refused the African-Americans defendants request to impanel the sole African-American as a juror.

D. Ground four: __Judge's instruction concerning malice__

Supporting FACTS (state *briefly* without citing cases or law) The judge's instruction that the jury could infer malice from the defendants use of a deadly weapon unfairly focused the jurors attention on only one of many factors relevant to determining whether the defendant acted with malice and thereby violated the defendant's constitutional rights to due process and created a substantial likelihood of a miscarriage of justice.

(See Attachment E for ground 5)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☑    No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:
    (a) At preliminary hearing __Russell Redgate 1025 Rt 6A Bx 82__
    __West Barnstable, Mass 02668__
    (b) At arraignment and plea __Russell Redgate__

(6)

AO 241 (Rev. 5/85)

(c) At trial _____ Russell Redgate _____

(d) At sentencing _____ Russell Redgate _____

(e) On appeal _____ Murray Kohn 44 Bromfield St. Boston, Mass 02108 _____

(f) In any post–conviction proceeding _____ Pro Se Ernest Benjamin M.C.I. Norfolk P.O. Box 43 Norfolk Mass 02056

(g) On appeal from any adverse ruling in a post–conviction proceeding _____ Pro Se Ernest Benjamin

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐    No ☑
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    (b) Give date and length of the above sentence: __1st Degree Murder__
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☑    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Pro Se Ernest Benjamin_
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_May 17, 2004_
(date)

_Ernest Benjamin_
Signature of Petitioner

(7)

ATTACHEMENT (A)

(1). Evidence of the victims violent reputation was improperly excluded where such evidence was reevant to the key issue of the defendant's mental impairment.

  (a). The victim's reputation for violence was relevant to whether the defendant was guilty of murder in the first degree on a theory of extreme atrocithy or cruelty where his mental defect, post traumatic stress disorder, was exacerbated by the victim's death threat.

  (b). The victim's reputation for vilence was relevant to whether the defendant acted with malic due to his mental defect.

  (c). The victim's reputation for violence was relevant to whether the defendant's mental impairment so limited his knowledge of the circumstance in which he acted that the shooting constituted a wanton and reckless act of involuntary manslaughter.

ATTACHEMENT (B)

(1). Ineffective Assistance of Counsel:

  (a). Counsel failed to investigate an insanity defense

  (b). Counsel failed to interview and call witnesses in support of an insanity defense.

(1)

    (c). abandoning defendant's substantial ground of defense.

    (d). Counsel failed to obtain and submit into evidence the victim's criminal record in support of provocation claim.

E. GROUND FIVE:

The standard for determining whether a killing was committed by means of extreme atrocity or cruelty, so as to support a conviction for first degree murder is unconstitutionally vague and violate constitutional due process requirements of jury unanimity and proof beyond a reasonable doubt.