UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
ERNEST N. BENJAMIN,                )
    Petitioner,                              )
                                                      )
v.                                                   )    Civil Action No. 2004-11025-JLT
                                                      )
LUIS SPENCER,                        )
    Respondent.                         )
                                                      )

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by Ernest N. Benjamin (the "petitioner"). As argued in this memorandum, the petition should be dismissed on the following grounds: (1) this Court lacks jurisdiction where the petition is a "second or successive" petition that has not been authorized by the United States Court of Appeals for the First Circuit, *see* 28 U.S.C. § 2244(b), and (2) in the alternative, the petition is barred by the statute of limitations. *See* 28 U.S.C. §2244(d)(1).[1]

### PRIOR PROCEEDINGS

The petitioner was indicted by a Plymouth County grand jury on September 25, 1995 for first degree murder (No. 970161). *See* Exhibit 1, Docket Entries, Plymouth Superior Court 97161. Trial commenced in Plymouth Superior Court in Brockton, Massachusetts on September 10, 1996 before Superior Court Judge John Tierney and a jury. *Id.* On September 16, 1996, the jury returned a verdict of guilty of first degree murder and the petitioner received the statutory

---

[1] Since the petition must be dismissed as a "second or successive" petition for which no authorization has been given by the First Circuit, or, in the alternative, pursuant to the statute of limitations, the respondent does not address herein the merits of the petition. Should this Court deny the motion to dismiss, the respondent respectfully requests additional time to file an answer and memorandum in opposition to the petition.

sentence of life imprisonment. *Id.* The Supreme Judicial Court affirmed the petitioner's conviction on January 28, 2000. *See* Exhibit 3, *Commonwealth v. Benjamin*, 430 Mass. 673, 722 N.E.2d 953 (2000).

A petition for a writ of habeas corpus was filed by the petitioner on March 17, 2000. *See* Exhibit 5, Docket Entries, U.S.D.C. No.00-10625. On February 5, 2001, this Court allowed the petitioner's motion to dismiss the petition for habeas corpus without prejudice to allow the petitioner to exhaust his state court remedies. *Id.* On December 27, 2000, the petitioner filed a motion for new trial in state court. *See* Exhibit 1. On April 11, 2001, the trial judge denied that motion. *Id.*

On August 6, 2001, the petitioner filed an application for leave to appeal the denial of that motion with the Supreme Judicial Court of Suffolk County pursuant to Mass. Gen. Laws ch. 278, § 33E. *See* Exhibits 1 and 4. On April 30, 2001, the petitioner filed a second federal habeas petition in this Court asserting the following: (1) trial counsel was ineffective due to the failure to raise an insanity defense; (2) appellate counsel was ineffective due to the failure to raise the aforementioned ineffective assistance of trial counsel; (3) the trial judge failed to instruct the jury that words could convey adequate provocation to mitigate an unlawful murder to manslaughter; (4) the trial judge improperly instructed the jury that they could infer malice from the use of a deadly weapon which unduly focused the jury's attention on the petitioner's use of a gun in determining his mental state; (5) the jury selection process violated statutory and constitutional requirements inasmuch as the clerk did not make a random selection of jurors and the trial judge refused the petitioner's request to impanel the only African-American panelist; and (6) the standard for determining whether a killing was committed by means of "extreme

atrocity or cruelty" is unconstitutionally vague and violates constitutional due process requirements of jury unanimity and proof beyond a reasonable doubt. *See* Exhibits 7 and 8. On August 29, 2001, the respondent filed an answer, supplemental answer, motion to dismiss the petition based upon the statute of limitations and petitioner's failure to exhaust his state court remedies, and a memorandum of law in support thereof. *See* Exhibit 6, Docket Entries 8-13, *Benjamin v. Pepe*, U.S.D.C. No. 01-10748. On January 25, 2002, United States Magistrate Judge Marianne B. Bowler issued a Report and Recommendation denying the motion to dismiss as to the untimeliness of the petition and reserved a recommendation on the motion to dismiss regarding the exhaustion issues pending the receipt of the trial transcripts and respondent's brief. *See* Exhibit 6, Docket Entry 20, *Benjamin v. Pepe*, U.S.D.C. No. 01-10748. On April 12, 2002, after receiving memoranda of law in support of and in opposition to the petition, United States Magistrate Judge Marianne B. Bowler issued a Report and Recommendation recommending the petition be dismissed on the merits. *See* Exhibit 8. On August 23, 2002, this Court entered an order accepting the report and recommendation and dismissed the petition on the merits. *See* Exhibit 9.

On March 11, 2004, the petitioner filed a motion for leave to re-file an application for leave to appeal in the Massachusetts Supreme Judicial Court for Suffolk County. *See* Exhibit 4. On March 26, 2004, the SJC treated the petitioner's motion for leave to re-file an application for leave to appeal as a motion to vacate the judgment of dismissal without prejudice and allowed the motion. *See* Exhibits 2 and 4. On May 6, 2004, the petitioner's application pursuant to G.L. c. 278, § 33E, for leave to appeal from the denial of his motion for a new trial was denied on the basis that his claims were "neither new nor substantial." *See* Exhibit 4.

On May 20, 2004, the petitioner filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254, claiming the following: (1) evidence of victim's violent reputation was wrongfully excluded; (2) ineffective assistance of trial and appellate counsel; (3) jury selection violated statutory and constitutional fairness requirements; (4) malice instruction violated due process and created substantial risk of miscarriage of justice; and (5) extreme atrocity and cruelty standard is unconstitutionally vague and violates due process. *See* Petition at ¶ 12. The respondent now files a motion to dismiss the petition.

## ARGUMENT

**I.   THIS COURT LACKS JURISDICTION TO ENTERTAIN THE INSTANT PETITION WHERE IT IS "SECOND AND SUCCESSIVE" AND ITS FILING HAS NOT BEEN AUTHORIZED BY THE COURT OF APPEALS.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a presumption, barring unusual circumstances, that a second or subsequent application for habeas corpus shall be denied or dismissed. 28 U.S.C. § 2244(b). *See Felker v. Turpin*, 518 U.S. 651, 664 (1996) (the AEDPA incorporates principles of res judicata within the compass of the evolutionary process underlying the doctrine of abuse of the writ). The AEDPA strictly limits the circumstances in which a district court may entertain a "second or successive" petition for writ of habeas corpus, and sets forth a procedure for claims asserted in such petitions to be heard. *See Calderon v. Thompson*, 523 U.S. 538, 553-554, 558 (1998).

Section 2244(b) provides as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed

unless—

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

Under AEDPA's "gatekeeper" provisions, an applicant may not file a second or successive petition unless and until he has "moved in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See*

5

*Hohn v. United States*, 524 U. S. 236, 249 (1998); *Stewart v. Martinez-Villareal*, 523 U. S. 637, 641 (1998); *Felker v. Turpin*, 518 U. S. at 664; *Rodriguez v. Superintendent, Bay State Correctional Ctr.*, 139 F.3d 270, 272 (1st Cir. 1998) ("second or successive" petitions require "pre-clearance" by court of appeals). This Court lacks jurisdiction to entertain any unauthorized second or successive petition. *See Libby v. Magnusson*, 177 F.3d 43, 49 (1st Cir. 1999). *See also Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997) ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over second or successive petitions unless and until the court of appeals has decreed that it may go forward."),[2] *cert. denied*, 523 U. S. 1123, 118 S. Ct. 1807 (1998); *Benton v. Washington*, 106 F.3d 162, 165 (7th Cir. 1996). The AEDPA's gatekeeper provisions apply to all second or successive petitions filed after the Act's effective date, even when the first petition was filed and decided prior to passage of the legislation. *See Felker v. Turpin*, 518 U. S. at 655-657 (petitioner filed motion with Court of Appeals for leave to file second or successive petition about a week after AEDPA's passage, when first petition had been filed in 1993); *Libby v. Magnusson*, 177 F.3d at 46 (gatekeeper provision for second or successive petitions in not an *ex post facto* law); *Pratt v. United States*, 129 F.3d at 59 (noting that in *Felker*, "the Supreme Court uncritically applied AEDPA to a prisoner's second habeas petition even though the prisoner had filed his first petition prior to AEDPA's enactment," an approach "sound not only from a legal

---

[2] The *Pratt* case involved a second petition for post-conviction relief filed by a federal prisoner pursuant to 28 U.S.C. § 2255, rather than a second or successive petition filed by a state prisoner under 28 U.S.C. § 2254. *Pratt v. United States*, 129 F.3d at 56. AEDPA's gatekeeper provisions, however, do not distinguish between the two, as the statute "incorporates by reference in section 2255 the same screen that AEDPA makes applicable to second or successive habeas petitions prosecuted on behalf of persons being held in state custody." *Id.* at 57.

perspective but also from the standpoint of common sense").

A decision on the merits on a habeas petition renders any subsequent petition attacking the same judgment of conviction "second or successive."[3] *See Pratt v. United States*, 129 F.3d at 60 (AEDPA, which does not define "second or successive," does not negate pre-AEDPA determinations that a numerically second petition is not "second or successive" if it attacks a different criminal judgment or if the earlier petition terminated without judgment on the merits). Other courts, including the Seventh Circuit, have asserted that "a decision on the merits . . . is not essential to the existence of a first or initial petition." *Benton v. Washington*, 106 F.3d at 164. *See Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D. Ark. 1996) ("[t]his Court believes that the gatekeeping provisions of the AEDPA envision all second petitions undergoing preliminary review by a court of appeals."). *See also Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) (later petition "second or successive" when prior petition voluntarily withdrawn by petitioner's counsel).[4] In *Benton v. Washington*, 106 F.3d at 165, the court held that *any* prior

---

[3] In the language of habeas corpus law prior to AEDPA, a "successive" petition only included claims already asserted and rejected on the merits in a prior petition. *Schlup v. Delo*, 513 U. S. 298, 318-19 n.34 (1995).

[4] There are various situations in which courts have determined that a second-in-time petition did not constitute a "second or successive" petition. Foremost among them is the universal holding that when a petition is dismissed for failure of the petitioner to exhaust state law remedies, a later petition is not "second or successive." *Dickinson v. Maine*, 101 F.3d 791, 791 (1st Cir. 1996) (adopting rationale and holding of *Camarano v. Irvin*, 98 F.3d 44 (2d Cir. 1996)). *See also Stewart v. Martinez-Villareal*, 523 U. S. at 644-645 (dictum). The Supreme Court has recently held that a claim is not "second or successive" when the identical claim has previously been dismissed as premature. *Stewart v. Martinez-Villareal*, 523 U. S. at 645. When a prior petition is tendered by a prisoner to the Clerk of Court but not accepted for filing because of the petitioner's unwillingness to pay the $5 filing fee, a subsequent petition is not "second or successive." *Benton v. Washington*, 106 F.3d at 165. A second-in-time petition is not "second or successive" when it challenges a resentencing ordered following a successful first petition, *Esposito v. United States*, 135 F.3d 111, 112-13 (2d Cir. 1997), or when it challenges a prison

outcome of a petition (with two exceptions: return of an insufficient petition by the Clerk under Rule 2(e) of the Rules Governing Section 2254 Cases, and dismissal on exhaustion grounds) was "presumptively sufficient to bring § 2244(b) into play." The Second Circuit has implied, in the context of a federal prisoner proceeding under 28 U.S.C. § 2255, that any petition challenging the same conviction as a prior petition is second or successive regardless of the outcome, disposition or status of the prior petition. *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996). In *Felker*, the Supreme Court stated that "the new restrictions on successive petitions constitute a *modified res judicata rule*, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" *Felker v. Turpin*, 518 U. S. at 664 (emphasis supplied); *Stewart v. Martinez-Villareal*, 523 U. S. at 645.[5]

Here, in any event, there is no question that the petitioner's second habeas petition was denied on the merits on August 22, 2002 by this Court when it entered an order accepting and adopting Magistrate Bowler's forty-eight page Report and Recommendation deciding the merits of the petitioner's claims. *See* Exhibits 8 and 9. Since both the second and third petition challenge the petitioner's 1996 Plymouth County conviction for first-degree murder, the instant

---

disciplinary proceeding that became final after determination of a prior habeas petition. *In re Cain*, 137 F.3d 234, 236-37 (5th Cir. 1998). None of these limited exceptions apply in this case.

[5] Several circuits have continued to use the pre-AEDPA "abuse of the writ" standard to determine whether a petition is second or successive. *See Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997); *Esposito v. United States*, 135 F.3d 111, 113 (2d Cir. 1997). *But see Wainwright v. Norris*, 121 F.3d 339, 340 (8th Cir. 1997) (AEDPA "discards the pre-Act concept of 'abuse of the writ' in favor of more restrictive standards").

petition is "second or successive" and cannot be entertained by this Court without authorization of the Court of Appeals pursuant to section 2244(b)(3)(A). This third petition must therefore be dismissed.[6]

## II. THE HABEAS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.

Pursuant to 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

---

[6] Under the First Circuit's decision in Pratt, a district court faced with an unauthorized second or successive petition may either dismiss the petition or transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 1631. *Pratt v. United States*, 129 F.3d at 57; Benton v. *Washington*, 106 F.3d at 165. *But see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(district court "shall transfer" unauthorized petition); *Liriano v. United States*, 95 F.3d at 123 (district court "should transfer" unauthorized petition). The *Pratt* Court also held that it may, in its discretion, treat a notice of appeal of the dismissal of an unauthorized petition as a request for authorization to file a second or successive petition. *Pratt v. United States*, 129 F.3d at 58. *Cf. Wainwright v. Norris*, 958 F. Supp at 432 (transfer improper because petitioner need only file a motion with the court of appeals seeking an order authorizing filing in the district court, and need not file petition itself with court of appeals). In this case, however, transfer is an inappropriate remedy because it does not satisfy the requirement of 28 U.S.C. § 1631 that such transfer be "in the interest of justice." The petitioner has not made – and cannot make – a prima facie case that the requirements of either of the two prongs of section 2244(b)(2) have been fulfilled, and thus any attempt to obtain authorization from the Court of Appeals would be futile. *Rodriguez v. Superintendent, Bay State Correctional Ctr.*, 139 F. 3d at 274-276 (stringent standard of prima facie showing "erects a high hurdle"). The petitioner relies upon no new previously unavailable rule of constitutional law made retroactive to cases in collateral review by the Supreme Court, rather, he seeks application of established constitutional principles to the facts of his case. Furthermore, the factual predicate of all the claims asserted in the third petition were known to the petitioner in April, 2001 at the time he filed his second petition. *Pratt v. United States*, 129 F. 3d at 62 ("in a second petition for post-conviction relief, the prisoner must be able to point to a new claim of error – that is, a claim of error unavailable the first time around"). Finally, it cannot be said that the facts underlying the petitioner's claims, if proven and viewed in light of the evidence as a whole, would demonstrate at all, much less by "clear and convincing evidence," that but for constitutional error, no reasonable factfinder would have found him guilty.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The SJC affirmed the petitioner's convictions on January 28, 2000. *See* Exhibit 3, *Commonwealth v. Benjamin*, 430 Mass. 673, 722 N.E.2d 953 (2000). For purposes of the AEDPA, the petitioner's conviction became final on April 29, 2000, after the 90-day period in which *certiorari* could have been sought expired. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 70 (1st Cir. 2002); *Donovan v. Maine*, 276 F.3d 87, 91 (1st Cir. 2002) ("section 2244(d)(1) provides for tolling during the ninety-day period in which the petitioner would have been allowed to ask the United States Supreme Court to grant certiorari to review the [state court's] denial of his direct appeal (the fact that the petitioner did not seek certiorari is immaterial"). *See also* 28 U.S.C. §2244(d)(1)(A). Thus, under the AEDPA, the petitioner had one-year, until April 29, 2001, in which to file his federal habeas petition. *See Currie v.*

*Matesanz*, 281 F.3d 261, 262 (1st Cir. 2002). The petitioner filed the instant petition for habeas relief on May 20, 2004. Consequently, this petition is time-barred and must be dismissed.

The limitations period may be tolled during periods in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending." 28 U.S.C. § 2244(d)(2); *Gaskins v. Duval*, 183 F.3d 8, 9-10 (1st Cir. 1999) (applying tolling provision to grace period). There are no circumstances that allow this petitioner to invoke the triggering provisions of §§2244(d)(2). The petitioner's first petition for federal habeas corpus, *Benjamin v. Pepe,* U.S.D.C.-Massachusetts, 00-CV-110625-JLT, was filed on March 17, 2000. *See* Exhibit 4. On February 5, 2001, this Court allowed the petitioner's motion to dismiss the petition for habeas corpus without prejudice to allow the petitioner to exhaust his state court remedies. *Id.* The petitioner's second petition for federal habeas corpus was filed on April 30, 2001, and on August 22, 2002, this Court dismissed the petition. *See* Exhibits 6 and 9. The limitation period of 28 U.S.C. § 2244(d)(1) was not tolled during the pendency of the petitioner's prior federal habeas corpus petitions. *Duncan v. Walker*, 533 U.S. 167 (2001); *see also Neverson v. Bissonnette*, 261 F.3d 120 (1st Cir. 2001). Thus, this petition must be dismissed.

## CONCLUSION

For the foregoing reasons, this Court must dismiss the instant petition for a writ of habeas corpus for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b) or, in the alternative, the Court must dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d).

                                              Respectfully submitted,

                                              THOMAS F. REILLY
                                              Attorney General

                                              */s/ Eva M. Badway*
                                              Eva M. Badway
                                              Assistant Attorney General
                                              Criminal Bureau
                                              One Ashburton Place
                                              Boston, Massachusetts 02108
                                              617) 727-2200, ext. 2824
Dated: June 29, 2004                               BBO # 635431

## Certificate of Service

I hereby certify that, on June 29, 2004, I caused to be served a true and correct copy of the foregoing <u>Memorandum in Support of the Motion to Dismiss</u> by mailing a copy of the same by first class mail, postage prepaid, and addressed as follows: Ernest N. Benjamin, *pro se*, MCI-Norfolk, 2 Clark Street, P.O. Box 43, Norfolk, MA 02056.

                                              */s/ Eva M. Badway*
                                              Eva M. Badway