# United States District Court
# District of Massachusetts

ERNEST N. BENJAMIN,
    Petitioner,

V.                                 CIVIL ACTION NO. 2004-11025-JLT

LUIS SPENCER,
    Respondent.

## *REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS (#8)*

COLLINGS, U.S.M.J.

The respondent moves to dismiss the § 2254 Petition filed in the above-styled case as a "second or successive" petition.[1]  It clearly is.

On March 17, 2000, petitioner filed a § 2254 Petition which was denoted as C.A. 00-10625-JLT.[2]  That petition was dismissed on February 25, 2001 on

---

[1] The § 2254 Petition in the instant case shall hereinafter be denoted "the petition in the instant case."

[2] The § 2254 Petition filed on March 17, 2000 (C.A. 2000-10625-JLT) shall hereinafter be denoted "the first petition."

petitioner's motion to dismiss so that he could exhaust state court remedies.

On June 8, 2001, petitioner filed a § 2254 Petition which was denoted C.A. 2001-10748-JLT.[3] The grounds stated in the second petition are, in large measure, identical to those stated in the petition in the instant case. Thus, the issue concerning the effectiveness of both trial counsel and appellate counsel with respect to raising an insanity defense is Ground Two of the petition in the instant case and Grounds One and Two of the second petition. The jury selection issue is Ground Three of the petition in the instant case and Ground Four of the second petition. The issue with respect to whether the phrase "extreme atrocity or cruelty" is unconstitutionally vague is Ground Five of both petitions.

The only differences are Ground One of the petition in the instant case which alleges that the trial court erred in excluding evidence of the victim's violent reputation and Ground Four of the petition in the instant case which alleges error in the trial judge's instructions to the effect that malice can be inferred from use of a deadly weapon. These allegations were not made in the second petition.

---

[3] The § 2254 Petition filed in 2001 (C.A. 2001-10748-JLT) shall hereinafter be denoted "the second petition."

Obviously, all of the claims stated in the second petition which are contained in the petition in the instant case must be dismissed. Title 28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

Similarly, Title 28 U.S.C. § 2244(b)(2) provides that:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless -
>
> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; *or*
>
> (B)(i)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; *and*
>
> (B)(ii)   the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Title 28 U.S.C. § 2244(b)(2)(B) (emphasis supplied).

In his opposition to respondent's motion to dismiss the petition in the instant case (#10), the petitioner utterly fails to make either showing. There has been no "new rule of constitutional law" with respect to these issues. Further, "the factual predicate" for the claims based on the alleged errors of the trial judge would have been known to the petitioner prior to the filing of the second petition. Thus, §2244(b)(2) mandates dismissal of Grounds One and Four of the petition in the instant case.

In an attempt to avoid dismissal, petitioner points to what can only be described as the odd manner in which the second petition was dismissed. Simply stated, on April 12, 2002, then-Chief Magistrate Judge Bowler wrote a 48 page Report and Recommendation recommending that the second petition be dismissed on the merits. On August 22, 2002, Judge Tauro accepted the recommendation and adopted it.[4] The Clerk closed the case. Procedurally, the Clerk, before closing the case, should have entered judgment dismissing the second petition on the merits.[5] However, the Clerk failed to perform this duty.

Further, the petitioner continued filing pleadings in the case for over a

---

[4] The precise words of the endorsement were: "Chief Magistrate Judge Bowler's R & R is accepted and adopted."

[5] *See* Rule 58(a)(1)(A)(iii), Fed. R. Civ. P.

year after August 22, 2002. On August 20, 2003, the petitioner filed a Motion to Dismiss [the second] Petition Without Prejudice, and on September 8, 2003, Judge Tauro allowed that motion. Again, no judgment was entered by the Clerk.

So, in essence, Judge Tauro allowed a motion to dismiss the second petition on the merits by adopting Judge Bowler's recommendation on August 22, 2002, and then allowed petitioner's motion to dismiss the second petition without prejudice on September 8, 2003. Petitioner argues that the petition in the instant case is not, in fact, a "second or successive" petition, because Judge Tauro allowed him to dismiss the second petition without prejudice.

Whatever the effect of Judge Tauro's allowance of the petitioner's motion to dismiss the second petition without prejudice on September 8, 2003, it does not have the effect of insulating the petition in the instant case from the strictures of Title 28 U.S.C. § 2244(b). Judge Tauro clearly ruled on the merits of the second petition on August 22, 2002. The problem is that the Clerk neglected to enter judgment based on the August 22, 2002 ruling.

The instant case is similar to the case of *Dunn v. Singletary,* 168 F.3d 440 (11 Cir., 1999) in which a district judge, adopting a magistrate judge's report and recommendation, denied the petition but the Clerk, in entering judgment,

5

"erroneously indicated that the ...Petition was being dismissed 'without prejudice'." *Dunn,* 168 F.3d at 441. In ruling that a later petition was a "second or successive" petition, the Eleventh Circuit held "...that the § 2244(b) inquiry as to whether a petition is second or successive must focus on the substance of the prior proceedings - on what actually happened." *Dunn,* 168 F.3d at 442. And paraphrasing the Eleventh Circuit, to "allow" Benjamin "...to re-litigate his habeas corpus petition because..." the Clerk neglected to enter a judgment in August, 2002 "...would subvert the purpose of the AEDPA's 'gatekeeping' provisions. *Dunn,* 168 F.3d at 442.

The Supreme Court has written the AEDPA's "gatekeeping provisions" are "...new restrictions [which] constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice an 'abuse of the writ.'" *Felker v. Turpin,* 518 U.S. 651, 664 (1996). The key is whether the merits of the claims were adjudicated in the first petition. If they were not, the petition in the instant case is not a "second or successive petition." *Slack v. McDaniel,* 529 U.S. 473, 486-88 (2000). Thus, if a petition is dismissed without prejudice in order to allow the petitioner to exhaust state court remedies, the later petition is not a "second or successive" petition because none of the claims in the original petition were adjudicated. *Dickinson v. State of Maine,* 101 F.3d 791 (1 Cir.,

1996). This is precisely what happened to the petitioner's first petition, C.A. 2000–10625-JLT. Judge Tauro dismissed the first petition so that the petitioner could exhaust his state court remedies. Accordingly, the second petition was not a "second or successive" petition.

However, the law is that if a petitioner elected to proceed with an adjudication of his exhausted claims in the first petition, and those claims were, in fact, adjudicated, a second petition would be subject to dismissal as a "second or successive" petition. *Slack,* 529 U.S. at 486-7. Put another way, "..post-AEDPA cases...have preserved the rule that if the original petition did not produce an adjudication on the merits a prisoner's later petition will not be deemed 'second or successive'." *Pratt v. United States,* 129 F.3d 54, 60 (1 Cir., 1997) (citations omitted). In the instant case, the merits were adjudicated. The petition in the instant case is thus manifestly a "second or successive" petition.

Petitioner may argue that the second petition was dismissed without prejudice so that he could exhaust his state court remedies. Indeed, his motion to dismiss the second petition without prejudice filed on August 20, 2003, listed as one of the "grounds" for the motion that "[h]is current petition contains

claims that are unexhausted...".[6]  Any such argument would be bogus.

First, the petitioner has been there and done that with respect to the first petition in C.A. 2000-10625-JLT.  Prior to filing the second petition, he had full opportunity to exhaust his state court remedies.

Second, the issue of whether or not the petitioner exhausted his state court remedies was dealt with by Judge Bowler in proceedings respecting the second petition.  The respondent moved to dismiss the second petition on the ground that the petitioner had failed to exhaust state court remedies, and Judge Bowler, on January 25, 2002, recommended that the Court proceed to the

---

[6] The full statement of the grounds are:

1. His current petition contains claims that are unexhausted, defaulted, or are waived.

2. His current petition is inartfully drafted and contains numerous errors.

3. All previous *pro se* filings (both state and federal) were drafted by people other than petitioner.

4, Until recently, petitioner had no training in the law or in how to use the prison law library's resources.

5. Petition still has a viable state post conviction procedure, namely, Mass. R. Crim. P., wherein he can correct the errors and problems stated above.

6. To do so would serve the interests of justice and allow petitioner to present any and all claims he has to the state's highest court for resolution.

Obviously, nothing in federal law would bar the petitioner from employing state post-conviction procedures.  What federal law prohibits is filing a "second or successive" federal habeas corpus petition at a later time if the petitioner fails to obtain the relief he seeks from the state court.

merits of both the exhausted and unexhausted claims despite the failure to exhaust some of the claims. Judge Tauro adopted the report and recommendation on March 26, 2002 and denied the motion to dismiss. Thus, no issue of failure to exhaust remedies existed with respect to the second petition. On August 22, 2002, Judge Tauro, adopting Judge Bowler's report and recommendation on the merits of all the petitioner's claims in the second petition, allowed the motion to dismiss all claims, both exhausted and unexhausted. In sum, the issue of exhaustion of remedies was adjudicated, and all of petitioner's claims stated in the second petition were adjudicated.

However, in order to be fair to the petitioner, he probably did not seek to appeal the adjudication on the merits in the second petition because of the Court's later action in allowing his motion to dismiss the petition without prejudice. The petitioner should be permitted this appeal. Accordingly, I shall recommend that the Court enter Judgment on the second petition in C.A. 2001-10748-JLT dismissing the petition on the merits in accordance with its August 22, 2002 Order adopting Judge Bowler's Report and Recommendation. That action will allow the petitioner to exercise his appeal rights.

### *RECOMMENDATION*

For all of the above-stated reasons, I RECOMMEND that *JUDGMENT*

enter dismissing the instant matter, C.A. 2004-11025-JLT, pursuant to 28 U.S.C. § 2244(b)(1)(2). I FURTHER RECOMMEND that *JUDGMENT* enter dismissing the second petition in C.A. 2001-10748-JLT on the merits in accordance with the Court's August 22, 2002 Order.

### *REVIEW BY THE DISTRICT JUDGE*

The parties are hereby advised that pursuant to Rule 72(b), Fed. R. Civ. P., any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

February 7, 2005.