# United States District Court
# District of Massachusetts

ERNEST N. BENJAMIN,
    Petitioner,

    V.                          CIVIL ACTION NO. 2004-11025-JLT

LUIS SPENCER,
    Respondent.

## *REPORT AND RECOMMENDATION ON MOTION FROM RELIEF FROM JUDGMENT (#18)*

COLLINGS, U.S.M.J.

    Reference is made to the Report and Recommendation issued in this case on February 7, 2005.

    On March 17, 2000, petitioner filed a § 2254 petition which was denoted as C.A. 00-10625-JLT. That petition was dismissed on February 25, 2001 on petitioner's motion to dismiss so that he could exhaust state court remedies. On June 8, 2001, petitioner filed a § 2254 petition which was denoted C.A. 2001-10748-JLT.[1] On May 20, 2004, the instant petition was filed. The grounds

---

[1] Hereinafter, the "01-10748 petition."

stated in the 01-10748 petition are, in large measure, identical to those stated in the instant petition.

As pointed out in the Report and Recommendation issued February 7, 2005, there was considerable irregularity in the manner in which the 01-10748 petition was dismissed. Simply stated, on April 12, 2002, then-Chief Magistrate Judge Bowler wrote a 48 page Report and Recommendation recommending that the 01-10748 petition be dismissed on the merits. On August 22, 2002, Judge Tauro accepted the recommendation and adopted it.[2] The Clerk closed the case. Procedurally, the Clerk, before closing the case, should have entered judgment dismissing the 01-10748 petition on the merits.[3] However, the Clerk failed to perform this duty.

Further, the petitioner continued to file pleadings in the case for over a year after August 22, 2002. On August 20, 2003, the petitioner filed a Motion to Dismiss [the 01-10748] Petition Without Prejudice, and on September 8, 2003, Judge Tauro allowed that motion. Again, no judgment was entered by the Clerk.

---

[2] The precise words of the endorsement were: "Chief Magistrate Judge Bowler's R & R is accepted and adopted."

[3] *See* Rule 58(a)(1)(A)(iii), Fed. R. Civ. P.

The Report and Recommendation which issued on February 7, 2005 in the instant case was as follows:

> I RECOMMEND that *JUDGMENT* enter dismissing the instant matter, C.A. 2004-11025-JLT, pursuant to 28 U.S.C. § 2244(b)(1)(2). I FURTHER RECOMMEND that *JUDGMENT* enter dismissing the second petition in C.A. 2001-10748-JLT on the merits in accordance with the Court's August 22, 2002 Order.

On April 1, 2005, Judge Tauro adopted and approved the Report and Recommendation of February 7, 2005 with respect to the petition in the instant case.

In essence, the petition in the instant case was dismissed as a "second or successive petition." However, in order to be fair to the petitioner and to give him a right to appeal the decision on the merits in the 01-10748 petition, I recommended that the Court enter Judgment on the 01-10748 petition dismissing the petition on the merits in accordance with its August 22, 2002 Order adopting Judge Bowler's Report and Recommendation.

On May 4, 2005, in accordance with the Report and Recommendation, judgment entered both in C.A. 2001-10748-JLT and the instant case. In the meantime, the petitioner had filed a Notice of Appeal in the instant case on April 18, 2005.

Petitioner did not file a Notice of Appeal from the judgment in C.A. 2001-10748-JLT. Instead, he filed **in the instant case** a Motion for Relief from Judgment (#18). The Motion from Relief from Judgment (#18) requests that "...the Court, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, [ ] vacate the original judgment of dismissal of Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 which was filed on June 8, 2001. See, **C.A. 2001-10748-JLT.**"[4] In sum, the Motion for Relief from Judgment (#18) which was filed in the instant case, **C.A. 2004-11025-JLT**, seeks to vacate a judgment in the earlier case, **C.A. 2001-10748-JLT.**

The first thing to note is that petitioner should have filed the Motion for Relief from Judgment in C.A. 2001-10748-JLT rather than in the instant case. A litigant seeking relief from judgment should file the motion in the case in which the judgment entered. Therefore, I shall recommend that the Motion for Relief from Judgment be stricken from the docket in C.A. 2004-11025-JLT and docketed as filed in C.A. 2001-10748-JLT on April 28, 2005 *nunc pro tunc*.

Second, for reasons set forth in my Report and Recommendation issued February 7, 2005, I shall recommend that, after the Motion for Relief from

---

[4] Emphasis supplied.

Judgment is docketed in C.A.2001-10748-JLT, the motion be allowed to the extent that the Order of the Court entered on September 8, 2003 granting petitioner's motion to dismiss the 01-10748 petition without prejudice be vacated.

The petitioner may then choose to exercise whatever appeal rights he has from the Judgment entered in C.A. 2001-10748-JLT on May 4, 2005 dismissing the 01-10748 petition on the merits.

## *RECOMMENDATION*

For all of the above-stated reasons, I RECOMMEND that the Motion for Relief from Judgment be STRICKEN from the docket in C.A. 2004-11025-JLT and docketed as filed in C.A. 2001-10748-JLT on April 28, 2005 *nunc pro tunc*. I FURTHER RECOMMEND that, after the Motion for Relief from Judgment is docketed in C.A.2001-10748-JLT, the motion be ALLOWED to the extent that the Order of the Court entered on September 8, 2003 in C.A. 2001-10748-JLT granting petitioner's motion to dismiss the 01-10748 petition without prejudice be VACATED

## *REVIEW BY THE DISTRICT JUDGE*

The parties are hereby advised that pursuant to Rule 72(b), Fed. R. Civ.

P., any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 16, 2005.