Ernest N. Benjamin
MCI Norfolk / P.O. Box 43
Norfolk, MA 02056-0043

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Ernest N. Benjamin,       )
    Petitioner;           )    C.A. No. 2004-11025-JTL
                          )    DOCKETED AS C.A. NO. 2001-10748-JTL
v.                        )                           nunc pro tunc
                          )
Luis Spencer,             )
    Respondant;           )
_____)

APPLICATION FOR CERTIFICATE OF
APPEALABILITY FROM THE DISTRICT COURT
(Rule 22(b), FRAP; 28 USC § 2253)

TO: JOSEPH L. TAURO, UNITED STATES DISTRICT JUDGE.

INTRODUCTION

Pursuant to 28 USC §2253, Rule 22 FRAP, and First Circuit Rule 22.1, Petitioner Ernest N. Benjamin (hereinafter "Petitioner") hereby requests that the District court issue a Certificate of Appealability (COA), permitting Petitioner to appeal from the judgment entered by the court on July 28, 2005, dismissing on the merits with prejudice the petition for a Writ of habeas corpus in the above entitled matter.

ISSUES ON WHICH THE CERTIFICATE OF APPEAL IS SOUGHT

1. Defendant was denied effective assistance of counsel when counsel failed to pursue an insanity defense at trial, the only viable ground of defense.

2. Defendant was denied effective assistance of Appellate counsel failed to challenge on appeal the trial counsel's failure to pursue the insanity defense.

3. The trial judge's failure to instruct the jury that under

certain circumstances mere words would constitute adequate provocation to render a verdict of Manslaughter, reduced from Murder conviction.

4. Jury selection violated Statutory and Constitutional requirments where the Clerk did not make random selections from the jury pool and the trial judge refused to impanel the sole African American on the jury.

5. The standard for determining whether a killing was committeed by "Extreme Atrocity or Cruelity" so as to support a conviction for First Degree Murder, was unconstitutionally vague violating due process requirements of jury unanimity and proof beyond a reasonable doubt.

## STANDARD FOR ISSUANCE OF COA

In the U.S. Supreme court decision in Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029 (2003), the court clarified the standards for issuance of a COA.

> ...A prisoner seeking a COA need only demonstrate a "substantial showing of the denial of a Constitutional right". A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the District Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

Id. 123 S.Ct. @ 1034 citing Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reduced to its essentials, the test is met where the petitioner makes a showing that the Petition should have been resolved in a different manner.

## ARGUMENT

On February 7, 2005, Magistrate Judge Robert B. Collins, issued his Report (#8) on the Petition # 2004-11025-JTL,

recommending that petition be dismissed, and he recommended that the claims presented in the Petition # 2001-10748-JTL, be substituted and the case reverted nunc pro tunc. Then on page 8 of the aforementioned Report & Recommendation (R&R) Judge Magistrate Collins stated as follows;

> [O]n August 22, 2002, Judge Tauro, adopting
> Judge Bowler's report and recommendation
> on the merits of all the petitioner's claims
> in the second petition, allowed the motion
> to dismiss all claims, both exhausted and
> unexhausted. In sum, the issue of exhaustion
> of remedies was adjudicated, and all of
> the petitioner's claims stated in the second
> petition were adjudicated.
>
> However, in order to be fair to the
> petitioner, he probably did not seek to
> appeal the adjudication on the merits in
> the second petition because the court's
> later action in allowing his motion to
> dismiss the petition without prejudice.
> <u>The petitioner should be permitted this
> appeal.</u> (Emphasis added)

Judge Collins restated his contentions regarding the issuance of right to appeal to the petitioner in his report & recommendation on Motion for Relief from Judgment (#18) which was adopted and Ordered by this court on August 1, 2005.

Petitioner would also note that on the above denoted order the court ordered the case, 2004-10025-JTL as stricken and docketed as 2001-10748-JTL. Petitioner contends this order relieves him of the misnomer in any previous Motions, Notices, and documents.

## INCORPORATION

-4-

Petitioner herein moves this court to incorporate any and all documents from both the aforementioned cases including the Report & Recommendations and all filings into the record.

## CONCLUSION

Based on the foregoing, Petitioner respectfully submits that the District Court's findings are subject to debate to jurists of reason; and consequently, that a COA should be granted.

Date; October 12, 2005

                          Respectfully Submitted;

                                    Ernest N. Benjamin
                                    In propria persona

CERTIFICATE OF SERVICE

I, Ernest N. Benjamin, do now certify that I caused to be served upon Eva M. Badway, AAG at the Attorney General's Office Room 2019, One Ashburton Place, Boston, MA 02108-1698 a true copy of the enclosed Application for Certificate of Appealability, by manner of first class mail postage pre-paid on this;

Date; October 12, 2005        SO CERTIFIED: _____

ERNEST N. BENJAMIN