UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERNEST N. BENJAMIN,              )
    PETITIONER / APPELLANT:      )   C.A. No. 1:04-cv-11025-JTL
                                 )   C.A. No. 1:01-cv-10748-JTL
    v.                           )   APPEALS COURT No. 05-1589
                                 )
LUIS SPENCER, SUPERINTENDENT,    )
    RESPONDENT / APPELLEE:       )

PETITIONER'S REQUEST FOR REASONS WHY THE
CERTIFICATE OF APPEALABILITY
SHOULD NOT ISSUE

Now comes, Ernest N. Benjamin, petitioner in pro-se, (hereinafter "Benjamin") and moves this court to explain its reasoning for denial of the Petitioner's Request for Certificate of Appealability, as required by and pursuant to F.R.A.P. 22 and 1st Cir. Local Rule 22.1, and in support thereof Petitioner submits as follows;

1). On October 20, 2005, Benjamin received an order issued by Judge Joseph L. Tauro, denying [35] Motion for Certificate of Appealability, docketed on 10/17/05 and entered on 10/14/05.

2). Judge Tauro had previously ordered that receipts from docket number CA04-11025-JTL be stricken and docketed as CA01-10748-JTL, [23] Tauro J.

3). Insomuch as Judge Tauro issued an Order on August 1, 2005 entitled, "ORDER ADOPTING REPORT AND RECOMMENDATIONS," [23] and again assigned it to CA01-10748-JTL, which was issued as a final order.

4). And that the aforementioned Report & Recommendation,

(4. cont.)

clearly indicated the basis for recommendation of the nunc pro tunc order was to avail the petitioner of his right to appeal the court's decision in the "2001" case, the petitioner and indeed the Circuit Court panel, require the court's explanation and reasoning for its denial of the petitioner's request for a COA.

5). The petitioner moves this court to consider as to whether it had jurisdiction to sua sponte amend its order adopting the Magistrate's Report & Recommendation, once its final order had issued and denial of the Rule 60(b) Motion was final?

## RELIEF REQUESTED

Wherefore Benjamin respectfully prays this court issue forth, its reasoning for the denial of the requested COA and further,

a) Indicate if said denial forecloses application for a COA of the "2001" petition as well and if not is re-application for a COA required of the petitioner?

b) Reconsider its decision in the denial of the COA in light of the record.

c) Any such relief as may be deemed just and proper.

Respectfully Submitted;

Ernest N. Benjamin, pro-se